IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JAMES CROCKETT JR.                                                           PLAINTIFF

v.                        CASE NO. 2:16CV00059 BSM

HAYS FOOD TOWN and
LAWRENCE ZAMORA, Individually
and Officially, as a law enforcement officer
for the Marianna Police Department in
Marianna, Arkansas                                           DEFENDANTS

## ORDER

Defendants' motion to dismiss [Doc. No. 9] is granted.

### I. BACKGROUND

For the record, I shop at defendant Hays Food Town and have known plaintiff James Crockett, Jr. and Bobby Bailey aka Pooh Bear for many years. I have also known for years and greatly respect plaintiff's counsel JF Valley and defense counsel Kirkman Doughterty. Now that the pleasantries and disclosures have been made, the facts are as follows.

Zamora was a police officer with the Marianna, Arkansas Police Department and worked for Hays part-time as a security guard. Hays is the last free-standing super market in West Helena, Arkansas which is 25 miles away from, and in a totally different county than, Marianna. Crockett is a six foot nine inch former high school All-American basketball player at Helena-West Helena Central High School who started at center for the Arkansas Razorbacks in the late seventies. Pooh Bear is a six foot six inch former all-state high school basketball player at the same school who also played college basketball in the early eighties.

Crockett went into Hays on March 21, 2014, and Zamora asked him if he was Pooh Bear. Crockett denied he was Pooh Bear but Zamora did not believe him and told him to leave the store. Crockett refused to leave, so Zamora spoke harshly to Crockett and tried to physically remove him from the store. When Crockett refused to be physically removed, Zamora told Crockett that Zamora was going to get a police officer, and then went outside and located a police officer. Upon returning, the officer immediately recognized and identified Crockett and the conflict ended. Crockett completed his shopping and went on his way.

Crockett filed suit in the Phillips County Circuit Court on March 4, 2016, asserting claims of intentional infliction of emotional distress, assault, battery, outrage, defamation, a violation of the Arkansas Civil Rights Act of 1993, and federal claims under 42 U.S.C. §§ 1981 and 1983. Defendants removed based on federal question jurisdiction and defendants now move to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the

pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

III.  DISCUSSION

A.  Assault, Battery, Defamation Claims

Defendants' motion to dismiss Crockett's assault, battery, and defamation claims is granted because the claims are barred by the statute of limitations. Assault, battery, and defamation claims must be filed within one year of the day they accrue. *See* Ark. Code Ann. § 16-56-104. Crockett's claims accrued on March 21, 2014 but suit was not filed until March 4, 2016. *See* Compl. ¶ 5.

B.  Intentional Infliction of Emotional Distress and Outrage Claims

Defendants' motion to dismiss Crockett's intentional infliction of emotional distress and outrage claims is granted. "Intentional infliction of emotional distress" and "outrage" are synonymous; therefore, these claims are considered as one claim. *See Chandler v. Walmart Stores, Inc.*, 498 S.W.3d 766, 772 (Ark. 2016). To establish an outrage claim, Crockett must prove the following elements:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his or her conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.* at 772-73 (citing *FMC Corp., Inc. v. Helton*, 202 S.W.3d 490, 504 (Ark. 2005)).

3

Outrage is almost impossible to prove, and in more than twenty-one years of practice and judging, I do not ever remember seeing an outrage claim get to a jury. *See Thornton v. Squyres*, 877 S.W.2d 921, 923 (Ark. 1994) (no outrage when a lawyer's actions resulted in a default judgment against his client and the loss of custody of her child); *Dillard Dep't Stores v. Adams*, 867 S.W.2d 442, 443–44 (Ark. 1993) (no outrage when customer was confronted and accused of a crime the customer did not commit); *Forrest City Mach. Works, Inc. v. Mosbacher*, 851 S.W.2d 443, 447 (Ark. 1993) (no outrage when bank brought foreclosure action despite knowing the lawsuit was barred by a settlement agreement and by the statute of limitations); *Neff v. St. Paul Fire & Marine Ins. Co.*, 799 S.W.2d 795, 797 (Ark. 1990) (no outrage when a hospital released the remains of a stillborn baby to the intoxicated father without consulting the mother, who was the patient). Crockett alleges that Zamora grabbed him to physically remove him from the store and that Zamora made "insulting, condescending and paternalistic" comments to him while attempting to physically remove him. Compl. ¶¶ 12, 18. In response to the motion to dismiss, he now states that Zamora called him a boy and acted with racial animus. Pl.'s Br. Supp. Resp. Defs.' Mot. Dismiss 1, Doc. No. 12. These allegations are simply not sufficient to state an outrage claim.

C. <u>42 U.S.C. § 1981</u>

Defendants' motion to dismiss the 42 U.S.C. § 1981 claim is granted. Section 1981 protects minorities from discrimination on the bases of race, color, religion or national origin by giving all persons the right "to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981; *Harris v. Norfolk & W. Ry. Co.*, 616 F.2d 377, 378 (8th Cir. 1980). Crockett alleges that he would not have been treated in the manner in which he was treated if he were not black and that defendants have not and would not subject similarly situated white men to similar abuse. Compl. ¶ 22.

Even if this were true, nothing indicates Crockett was denied a right guaranteed by section 1981 because the complaint shows that Crockett was mistaken for Pooh Bar and was asked to leave the store. After unsuccessfully attempting to remove Crockett, Zamora went and got a police officer, who recognized Crockett. Once it was confirmed that Crockett was not Pooh Bear, Crockett was permitted to finish shopping. Although these allegations would probably support the common law claims dismissed in section III.A above, they do not support a section 1981 claim.

D. 42 U.S.C. § 1983 Claim

Defendants' motion to dismiss the 42 U.S.C. § 1983 claim is granted. To establish a section 1983 claim, a plaintiff must prove that the defendant deprived him of a constitutional right while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). When the defendant is a private party, "state action is present when private security guards and police officers act in concert to deprive a plaintiff of his civil rights." *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 559 (8th Cir. 1989) (quoting *El Fundi v. Deroche*, 625 F.2d 195, 196 (8th Cir. 1980)).

Nothing indicates that Hays or Zamora acted under color of law or acted in concert with the police when Zamora attempted to remove Crockett from the store. Crockett alleges that Zamora was using his official authority as a Marianna Police Officer while he was providing security at Hays. Compl. ¶ 3. The problem with this is that no one viewing this objectively would conclude that Zamora was acting in his capacity as a Marianna Police Officer at the time in question. This is true because Marianna is not only twenty-five miles away from West Helena, where Hays is located, but Marianna is also in Lee County, while West Helena is in Phillips County. Further, Zamora clearly presented himself as nothing more than a private security guard at the time he came into contact with Crockett, as shown by the fact that he told Crockett he was going to get a police officer to arrest him and then left the store and returned with an officer. Compl. ¶¶ 14–15. Finally, it cannot be argued that Zamora acted in concert with the Helena-West Helena police officer to deprive Crockett of his rights because the Helena-West Helena officer was the one who recognized Crockett, thus causing Zamora to stand down and let Crockett finish shopping. *See* Compl. ¶¶ 15–17.

## IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted.

IT IS SO ORDERED this 12th day of June 2017.

_____
UNITED STATES DISTRICT JUDGE